IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY M. DAVIS, Jr.,

          Plaintiff,                  OPINION AND ORDER

v.                                            14-cv-278-wmc

MICHAEL MEISNER, *et al.*,

          Defendants.

---

State inmate Jeffrey M. Davis, Jr., filed this civil action pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at the Columbia Correctional Institution. As defendants, Davis lists Warden Michael Meisner, Governer Scott Walker, Gary Ankarlo, Director Edward Wall, Dr. Wood, and sixty John Does. The complaint lists multiple legal theories, but does not allege any facts in support of a claim upon which relief may be granted. Davis includes with his complaint a request for leave to amend. However, it is obvious from the complaint that he has not yet exhausted administrative remedies with respect to the claims that he intends to present in this lawsuit.

Because Davis is incarcerated, his case is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA prohibits any civil action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court has

repeatedly emphasized that § 1997e(a) mandates exhaustion of all administrative procedures *before* an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

Davis appears to claim that exhaustion has been prevented by officials, who have returned his grievances for being "too light" or illegible. To the extent that Davis believes it would be futile to complete the grievance process, there is no futility exception to the PLRA exhaustion requirement. *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). As the Seventh Circuit has recognized, "[n]o one can *know* whether administrative requests will be futile; the only way to find out is to try." *Id.* at 536 (emphasis in original).

The Supreme Court has made clear that prisoners may not deliberately bypass the administrative process by flouting an institution's procedural rules. *See Woodford*, 548 U.S. at 96-98. Plaintiff's failure to complete the grievance process violates the PLRA's exhaustion requirement found in § 1997e(a), which mandates exhaustion *before* filing suit. Because it is undisputed that plaintiff has failed to exhaust available administrative remedies before filing suit in federal court, his complaint must be dismissed.

ORDER

IT IS ORDERED that:

1. The proposed complaint filed by Jeffrey M. Davis, Jr., is DISMISSED without prejudice pursuant to 42 U.S.C. § 1997e(a) for lack of exhaustion.

2. Davis's motion for leave to amend (dkt. # 4) is DENIED as moot.

Entered this 24th day of April, 2014.

BY THE COURT:

WILLIAM M. CONLEY
District Judge