IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY M. DAVIS, JR. and
CHRISTOPHER GOODVINE,

    Plaintiffs,

  v.

MICHAEL MEISNER et al.,

    Defendants.

ORDER

Case No. 14-cv-278-wmc

---

This case was reopened on September 29, 2014 after the court granted plaintiff Jeffrey Davis's motion to reopen the case. Co-plaintiff Christopher Goodvine was also added to the case in the amended complaint filed by Davis and Goodvine. Davis was previously granted leave to proceed *in forma pauperis* in this case and has paid his initial partial filing fee. Now a determination must be made regarding Goodvine's request for leave to proceed *in forma pauperis*.

Goodvine has submitted a certified inmate trust fund account statement for the six-month period preceding the amended complaint. Accordingly, the court must determine whether he qualifies for indigent status and, if so, calculate an initial partial payment of the $350.00 fee for filing this case.

In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner litigant must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to the prisoner's account in the six-month period immediately preceding the filing of the complaint.

1

In this case, 20% of the average monthly balance is $50.31, and 20% of the average monthly deposits made to Goodvine's account is $0.00. Because the greater of the two amounts is 20% of the average monthly balance, or $50.31, that is the amount Goodvine will be assessed as an initial partial payment of the filing fee. For this case to proceed, Goodvine must submit this amount on or before October 24, 2014.

If Goodvine does not have the money to make the initial partial payment from his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that Goodvine is free to ask prison authorities to pay *all* of the filing fee from his release account. The only amount Goodvine must pay at this time is the $50.31 initial partial payment. Before prison officials take any portion of that amount from Goodvine's release account, they may first take from his regular account whatever amount up to the full amount plaintiff owes. Goodvine should show a copy of this order to prison officials to insure that they are aware they should send his initial partial payment to this court.

ORDER

IT IS ORDERED that,

1. Plaintiff Christopher Goodvine is assessed $50.31 as an initial partial payment of the $350.00 fee for filing this case. Goodvine is to submit a check or money order made payable to the clerk of court in the amount of $50.31 or advise the court in writing why he is not able to submit the assessed amount on or before October 24, 2014.

2. If, by October 24, 2014, Goodvine fails to make the initial partial payment or show cause for failure to do so, he will be held to have withdrawn this action voluntarily and he will be dismissed without prejudice to Goodvine's filing his case at a later date.

3. No further action will be taken in this case until the clerk's office receives Goodvine's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 2nd day of October, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge