IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFFREY M. DAVIS, JR. and
CHRISTOPHER GOODVINE,

       Plaintiff,      OPINION AND ORDER

   v.          14-cv-278-wmc

MICHAEL MEISNER, *et al.*,

       Defendants.

Plaintiffs Jeffrey M. Davis, Jr., and Christopher Goodvine are both inmates incarcerated by the Wisconsin Department of Corrections at the Columbia Correctional Institution in Portage and regular filers in this court. In this case, Davis and Goodvine have filed a proposed amended complaint pursuant to 42 U.S.C. § 1983, concerning the conditions of their confinement at CCI. Davis and Goodvine also move to certify a class action. Plaintiffs' motion for class certification will be denied for reasons set forth below. In addition, the court will sever and dismiss the individual claims proposed in this case by Goodvine, without prejudice to his raising them in a separate lawsuit. Finally, the court will direct Davis to narrow his claims in this case before undergoing screening.

BACKGROUND

Davis and Goodvine are currently confined in disciplinary segregation unit 1 (DS-1) at CCI. Both Davis and Goodvine have been diagnosed with Borderline Personality Disorder, among other things, and both have an extensive history of engaging in self-harm while incarcerated. They purport to bring this lawsuit against six supervisory

1

officials (Ed Wall, Michael Meisner, Michael Dittmann, Janel Nickel, Lucas Weber, Hautamaki), the health services manager (Karen Anderson), a psychiatrist (Dr. Maier), six psychologists (Drs. Laurent, Wood, Buhr, Norge, Schwebke and Trinidad), the DS-1 unit security supervisor (Michael Morrison), the DS-1 unit manager (David Melby), a social worker (Kristine Scanlan), thirty correctional officers (Officers Quade, Exner, Kearns, Schneider, Jordan, Albright, Risen, Fisher, Delmore, Kratz, Gavinski, Bartz, Teska, Haag, Fabry, Judd, Hershberger, Stevens, Kottka, Bednarek, LaPointe, Neumaier, Conroy, Ashton, Roeker, Casiana, Franson, Miller, Pitzen, Karna), five John or Jane Doe nurses and two John Doe pharmacists.

Davis and Goodvine note that the DS-1 and DS-2 units at CCI hold anywhere from 100 to 150 inmates at any given time. Citing a March 2009 Report from the Wisconsin Legislative Audit Bureau, Davis and Goodvine estimate that 72.9% of inmates in DS-1 and DS-2 are mentally ill. In the pending amended complaint, which has not yet been screened for purposes of the Prison Litigation Reform Act, 28 U.S.C. § 1915A, Davis and Goodvine propose the following claims on behalf of a class comprised of all mentally ill inmates housed in DS-1 and DS-2 at CCI:

1. Failure to screen and monitor mentally ill inmates assigned to DS-1 and DS-2 units.

2. Failure to identify treatment needs or promulgate treatment plans for mentally ill inmates assigned to DS-1 and DS-2.

3. Failure to promulgate "inmate specific security protocols" to address health and safety needs of mentally ill inmates with a history of self-harm.

4. Failure to provide adequate treatment for "various and serious mental illnesses" of DS-1 inmates.

5. Failure to hospitalize inmates whose conditions indicate the need for treatment in a traditional clinical setting.

6. Failure to train officers to monitor inmates who are suicidal or prone to engage in self-harm.

7. Failure to supervise or discipline inattentive correctional officers with documented lackadaisical responses to known substantial risks of harm.

8. Failure to promulgate protocols for acute intervention or suicide prevention through the use of therapeutic restraints, padded full-body suits or padded or rubber cells.

9. Failure to train officers who punish or use excessive force against mentally ill inmates "in retaliation" for acts of self-harm.

10. Unconstitutional conditions of isolation or "imposed sensory deprivation" upon mentally ill inmates for compulsive acts of self-harm.

11. Inadequate policy on the administration of medication by correctional officers.

12. Failure to provide a means to request help for medical or psychological emergencies.

(Dkt. # 15, Amended Complaint ¶¶ 24-169.)

In addition to these proposed class claims, Davis submits fourteen separate individual claims against various officers who allegedly failed to protect him from self-harm on December 26, 2012, January 7, 2013, and February 15, March 14, 16, 17, 19 and April 12, 2014, as well as other, unspecified dates. These claims stem from incidents in which Davis swallowed an assortment of foreign objects (his eyeglasses, his toothbrush, pens, and, in one instance, a plastic cereal bowl), cut himself, attempted to overdose on medication or attempted to hang himself. Goodvine proposes fifteen

3

separate individual claims against various officers who allegedly failed to protect him from self-harm, involving either overdose of medication or cutting himself on December 4 and 6, 2011, October 18 and November 30, 2012, January 17, June 1, July 16 and November 17, 2013, and February 19, March 1, 2 and 20, 2014, as well as other unspecified occasions.

OPINION

## I.   CLASS CERTIFICATION

One or more members of a class may sue as representative parties on behalf of all class members only if the following prerequisites are met:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.   Fed. R. Civ. P. 23(a).   If the party seeking certification fails to meet any of these four prerequisites (numerosity, commonality, typicality, and adequacy of representation), class certification is precluded.   *Kress v. CCA of Tennessee, LLC*, 694 F.3d 890, 893 (7th Cir. 2012) (citations omitted).

The four-page motion for class certification filed by Davis and Goodvine devotes half its length to describing the proposed class.   Even assuming that the requirement of numerosity were satisfied here, plaintiffs do not address obvious issues of commonality and typicality of the representative parties and the putative class claims.   To show commonality, plaintiffs must demonstrate the class members' claims "depend upon a

4

common contention" that is "of such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  Here, Davis and Goodvine simply point to the amended complaint, proclaiming in one sentence that "there are questions of law or fact common to the class and subclasses and the claims of the representative parties are typical of the class and subclasses."  (Dkt. # 11, at 3.)

Superficial common questions -- like whether each proposed class member "suffered a violation of the same provision of law" -- are not enough to satisfy Fed. R. Civ. P. 23(a)(2), which essentially requires a plaintiff to demonstrate that the class members all "suffered the same injury." *Jamie S. v. Milwaukee Public Schools*, 668 F.3d 481, 497 (7th Cir. 2012) (internal quotation marks and citation omitted).  The single sentence supplied by Davis and Goodvine satisfies neither the requirement of commonality nor typicality, and their request for class certification fails for this reason.

Class certification also fails because neither Davis nor Goodvine qualify as adequate class representatives.  As an initial matter, incarcerated *pro se* litigants may not bring a class action on behalf of other prisoners.[1]  *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action); *see also Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) ("Every court that has

---

[1] Plaintiffs have asked the court to recruit pro bono counsel for them pursuant to 28 U.S.C. § 1915(e).  Before a court may consider doing so, litigants must first make a reasonable attempt to secure private counsel on their own.  *See Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992).  Plaintiffs have not satisfied this requirement here.  Accordingly, their request for recruitment of counsel will be summarily denied.

considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action.") (quoting *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) (citations omitted)).

Moreover, the proposed individual claims for relief articulated by Davis and Goodvine reflect repeated instances of self-harm while confined in DS-1 and varying levels of observation status. Both Davis and Goodvine are already litigating claims stemming from their repeated acts of self-harm. *See Goodvine v. Ankarlo et al.*, Case No. 12-cv-134-wmc; *Davis v. Bartow et al.*, Case No. 12-cv-559-wmc. This alone renders their claims unique. Regardless, Davis and Goodvine do not allege facts establishing there are other inmates currently housed in DS-1 and DS-2 who have demonstrated the same propensity to self-harm as Davis and Goodvine. "A person whose claim is idiosyncratic or possibly unique is an unsuitable class representative." *Suchanek v. Sturm Foods, Inc.*, — F.3d —, 2014 WL 41166493, *7 (7th Cir. 2014) (citing *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 156-59 (1982)); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n. 20 (1997) (noting that the adequacy and typicality requirements "tend[] to merge") (internal citation and quotation omitted). For this additional reason, Davis and Goodvine do not meet the adequacy-of-representation criteria found in Fed. R. Civ. P. 23(a)(4).

## II.   INDIVIDUAL CLAIMS BROUGHT BY CHRISTOPHER GOODVINE

From the proposed amended complaint also fails to meet the criteria for joint litigation of plaintiffs' claims. Pursuant to the rules of permissive joinder, persons may

6

only join as plaintiffs in one action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A).  Davis and Goodvine satisfy neither requirement here.

As noted above, both Davis and Goodvine propose a litany of individual, failure-to-protect claims against 55 defendants arising out of separate and distinct incidents of self-harm.   Although the failure-to-protect claims levied against the individual defendants are substantially the same in theory, the first prong of Rule 20(a) is not satisfied because of practical, factual differences that are inevitably a part of (1) each alleged incident of self-harm, (2) the officers allegedly involved, and (3) the timing of each alleged incident.   Under these circumstances, permissive joinder is not available. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Harris v. Spellman*, 150 F.R.D. 130, 131-32 (N.D. Ill. 1993) ("Rule 20(a) seeks to promote judicial economies, a goal that is not served where (as here) the incidents underlying the claims are wholly separate, so as to require entirely different proof."); *Lover v. District of Columbia*, 248 F.R.D. 319, 325 (D.D.C. 2008) ("[A]llegedly similar constitutional violations do not convert the plaintiffs' independent searches into the same series of transactions or occurrences that Rule 20 requires.").

Further, several of the claims asserted by Goodvine present different legal issues from the ones raised by Davis.   In particular, Goodvine alleges that some of the

7

defendants have violated the terms of a preliminary injunction entered in another case. *See Goodvine v. Ankarlo et al.*, Case No. 12-cv-134-wmc.  Not only are these claims improperly joined in a single lawsuit with Jeffrey Davis, they are not the proper subject of a separate lawsuit.  The proper place to raise claims stemming from the injunction entered in Case No. 12-cv-134-wmc is in Case No. 12-cv-134-wmc.[2]

## III.   INDIVIDUAL CLAIMS BROUGHT BY JEFFREY DAVIS

By presenting numerous claims arising from as many as 14 separate incidents, it further appears that Davis is attempting to improperly join multiple lawsuits against different defendants into one action.  *See* discussion, *supra*, pp. 3-4.  The Seventh Circuit has emphasized that "[u]nrelated claims against different defendants belong in different suits."  *George*, 507 F.3d at 607.  To that end, prisoners may not circumvent the fee-payment or three-strikes provisions of the Prison Litigation Reform Act by improperly joining claims in violation of the federal rules.  *See id.*; *see also Turley v. Gaetz*, 625 F.3d 1005 (7th Cir. 2010) (demonstrating how the improper joinder of claims by prisoners can flout the three-strikes rule found in 28 U.S.C. § 1915(g)).  Specifically, Fed. R. Civ. P. 18(a) provides that "[a] party asserting a claim, counter-claim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."  Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

---

[2] Goodvine is encouraged to consult with his *pro bono* counsel as to the propriety of raising his

8

Likewise, Fed. R. Civ. P. 20 authorizes joinder of multiple defendants into one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." The joinder rules apply equally to cases filed by prisoners and non-prisoners alike. *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). For example, "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions" would be rejected if filed by a free person and should also be rejected if filed by a prisoner. *George*, 507 F.3d at 607.

The proposed amended complaint in this case violates Rules 18 and 20 by joining unrelated claims against multiple defendants over a period of nearly two years. Therefore, the proposed complaint must be rejected based on improper joinder. *George*, 507 F.3d at 607. Accordingly, the court will strike the amended complaint filed by Davis on June 25, 2014. (Dkt. # 15.)

The court will provide Davis one more opportunity to submit an amended complaint in this case. He is directed choose carefully from among the claims listed in the proposed amended complaint and submit one, final amended complaint that sets forth a single claim or claims permissibly joined in compliance with Rules 18 and 20.

---

claims that the state has failed to comply with this court's preliminary injunction.

9

Any unrelated claim not pursued in this case must be brought in a separate action.   That

final, amended complaint must be filed within thirty days from the date of this order.


### ORDER

IT IS ORDERED that:

1. The motion for class certification filed by plaintiffs Jeffrey M. Davis, Jr. and Christopher Goodvine (dkt. # 11) is DENIED.

2. The claims lodged in the amended complaint by plaintiff Goodvine are DISMISSED without prejudice to reconsideration in a separate lawsuit or, as appropriate, in of Case No. 12-cv-134-wmc.

3. Plaintiff Davis's request for leave to proceed with the proposed amended complaint (dkt. # 15) is DENIED and the clerk's office is directed to STRIKE that amended complaint from the record.

4. Davis may have one opportunity to submit a proper complaint in this case. He is directed choose carefully from among the claims listed above and submit one, final amended complaint that sets forth a single claim or claims permissibly joined in compliance with Rules 18 and 20 of the Federal Rules of Civil Procedure.   Any unrelated claim not pursued in this case must be brought in a separate action.   That final, amended complaint must be filed within thirty days from the date of this order.

5. If Davis does not file an amended complaint as directed, this case will be closed without further notice.   Any amended complaint filed by Davis   will be screened in accordance with 28 U.S.C. § 1915A.   If the complaint filed by Davis fails to comply with this order, the court will dismiss the complaint and this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

Entered this 15th day of October, 2014.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge