IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY M. DAVIS, JR. and
CHRISTOPHER GOODVINE,

     Plaintiffs,       ORDER

v.                14-cv-278-wmc
                Appeal No. 14-3543

MICHAEL MEISNER, *et al.*,

     Defendants.

---

On October 15, 2014, this court dismissed without prejudice the amended complaint filed by plaintiffs Jeffrey M. Davis Jr. and Christopher Goodvine and denied their request for class certification. Thereafter, Goodvine filed a notice of appeal and, on December 16, 2014, the court granted plaintiff Goodvine's motion for leave to proceed *in forma pauperis* on appeal. Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1), the court also ordered Goodvine to make an initial, partial payment of the appellate docketing fee in the amount of $47.86 no later than January 5, 2015. (Dkt. # 38). To date, Goodvine has not complied with that order. Instead, Goodvine has now filed a motion for a court order to use funds from his inmate release account to make the initial partial payment as directed. Goodvine's request will be granted.

In his pending motion, Goodvine indicates that he is unable to comply with the court's December 16, 2014 order because he has insufficient funds in his inmate trust account. Prison officials reportedly advised him to seek a court order allowing him to use release account funds to make this payment.

The PLRA requires courts to collect filing fees from a "prisoner's account." 28 U.S.C. § 1915(b). Funds in a Wisconsin inmate's release account are typically reserved for use upon his release from imprisonment. This court has taken the position that prison officials are required to use a prisoner's release account to satisfy an initial partial fee payment if he has insufficient funds in his inmate trust account, *see Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005), and the State of Wisconsin has conceded that the PLRA, 28 U.S.C. § 1915(b)(1), supersedes any restrictions state law imposes on the availability of funds in a prisoner's release account. *See id.* Therefore, if sufficient funds do not exist in Goodvine's regular account to pay his initial partial payment, he should be allowed to use his release account to pay some or all of the assessed amount. This does not mean that Goodvine is free to ask prison officials to pay *all* of his appellate filing fee from his release account. *See Carter*, 399 F. Supp. 2d at 937. The only amount that Goodvine must pay at this time is the $47.86 initial partial payment toward the appellate docketing fee. Prison officials are directed to deduct that amount from Goodvine's release account for purposes of making the $47.86 initial partial appellate fee payment only if he has insufficient funds in his regular inmate trust fund account. Goodvine should show a copy of this order to prison officials to insure they are aware that they should send plaintiff's initial partial appeal payment to this court.

## ORDER

IT IS ORDERED that:

1. Plaintiff Christopher Goodvine's motion to use release account funds to pay his initial partial appellate fee payment (dkt. # 40) is GRANTED.

2. If funds are not available from Goodvine's regular inmate trust fund account, prison officials are directed to deduct $47.86 from Goodvine's inmate release account for the purpose of paying his initial partial appellate fee payment as provided herein. That amount must be submitted to this court not later than January 23, 2015.

Entered this 24th day of December, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge