IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER GOODVINE,[1]

           Plaintiff,                              OPINION AND ORDER

      v.                                              14-cv-278-wmc

MICHAEL MEISNER, *et al.*,

           Defendants.

---

This case is on remand from the Court of Appeals for the Seventh Circuit to allow pro se plaintiff Christopher Goodvine to proceed on certain of his claims in this lawsuit. Before the court can screen Goodvine's claims, however, he must file a second amended complaint addressing the issues he still wishes to pursue consistent with this order.

BACKGROUND

This case was initiated originally by Jeffrey M. Davis, Jr., on April 14, 2014. (Dkt. #1). That case was dismissed on April 24, 2014, because Davis failed to exhaust his administrative remedies before filing suit. (Dkt. #7). On June 24, 2014, after he had completed the administrative grievance process, Davis filed a motion to reopen the case, (dkt. #14), as well as an amended complaint naming Goodvine as a co-plaintiff, (dkt. #15).

---

[1] Jeffrey M. Davis is no longer a party to this lawsuit. The clerk of court is directed to amend the caption accordingly.

The amended complaint made several allegations relating to Davis and Goodvine's confinement in segregation at the Columbia Correctional Institution in Portage, Wisconsin. Among other claims, Davis and Goodvine alleged that that prison staff failed to provide essential conditions of confinement, as well as protection and treatment, for segregated inmates suffering from serious mental health issues. More specifically, they claim that prison policies and practices failed to protect mentally ill inmates like Davis and Goodvine from harming themselves. The amended complaint purported to identify 12 separate "causes of action" common to Goodvine and Davis, as well as 14 claims individual to Davis and 23 claims individual to Goodvine. Davis and Goodvine also requested certification of a class action on behalf of all Wisconsin inmates in segregation with mental illness. (Dkt. #11). At the time they moved for class certification, both Davis and Goodvine were separately litigating other cases with similar claims. *See Davis v. Bartow*, No. 12-cv-559-wmc (W.D. Wis.); *Goodvine v. Meisner*, No. 12-cv-134-wmc (W.D. Wis.).

On October 15, 2014, this court denied Goodvine and Davis's motion for class certification on the grounds that the case did not satisfy the requirements for certification under Fed. R. Civ. P. 23. (Dkt. #24). The court also severed and dismissed the individual claims proposed in the case by Goodvine, without prejudice to his raising them in a separate lawsuit. Subsequently, Davis settled his claims and filed a stipulation of dismissal on November 18, 2014. (Dkt. #27). That same day, the clerk of court entered judgment. Goodvine then appealed the order denying class certification and dismissing his claims.

In its July 1, 2015, Order, the Seventh Circuit affirmed the denial of class certification, but concluded that after Davis had exited the lawsuit, this court erred by entering judgment without considering whether Goodvine should be allowed to proceed alone on his individual claims. *Goodvine v. Meisner*, -- Fed. Appx. --, 2015 WL 3982216 (7th Cir. July 1, 2015). Accordingly, the court of appeals remanded without specifying which of Goodvine's claims, if any, should be allowed to proceed. *Id.*

DISCUSSION

Normally, the next steps would be to evaluate the claims to determine whether they may proceed together under Rules 18 and 20 of the Federal Rules of Civil Procedure and then to screen the claims under 28 U.S.C. 1915A to determine whether any of the claims must be dismissed as frivolous, malicious or because they fail to state a claim on which relief may be granted. Before the court may evaluate Goodvine's claims, however, there are three recent developments that must be addressed.

First, as the court of appeals pointed out in its decision, Goodvine recently settled another lawsuit arising from conditions in segregation at Columbia. *Goodvine v. Meisner*, No. 12-cv-134-wmc (W.D. Wis.). The court was not privy to the details of the settlement, but it may be that the settlement precludes some or all of the claims made in the amended complaint in this case.

Second, after Goodvine appealed the order dismissing his claims in this case, he filed a new lawsuit against prison staff at Columbia regarding conditions of segregation and treatment of his mental illness. *Goodvine v. Meisner*, No. 15-cv-146-wmc (W.D.

3

Wis.). That case has not yet been screened pursuant to 28 U.S.C. § 1915A, but a review of the complaint reveals that at least some of the claims and defendants appear to be the same or similar to those raised in the amended complaint in this case, making it possible, if not likely, that these two cases should be consolidated.

Third, Goodvine has notified the court that he is no longer in the custody of the Department of Corrections, but rather is now confined at the Columbia County Jail. (Dkt. #47). Because he is no longer in state custody, Goodvine's claims for injunctive relief in this lawsuit and his most recent lawsuit appear to be moot.

In light of the complex nature of Goodvine's many claims pled in his amended complaint, as well as recent developments affecting this case, the best way to proceed on remand would be for this court to grant Goodvine leave to file a second, hopefully more streamlined, amended complaint under this case number. In drafting this second amended complaint, Goodvine should include those claims on which he would like to proceed in this case, including claims from his newest case, *Goodvine v. Meisner*, No. 15-cv-146-wmc, that he believes would be more appropriately included in this lawsuit.

In determining which claims should be included, Goodvine should also review Rules 18 and 20 of the Federal Rules of Civil Procedure. Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Specifically, multiple defendants may not be joined in a single action unless (1) the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th

Cir. 2007). If the requirements of Rule 20 are satisfied, then a plaintiff may join additional, unrelated claims against those defendants. Fed. R. Civ. P. 18(a).

Finally, Goodvine should omit any claims that are moot or barred as a result of his recent settlement with the DOC and his transfer from DOC custody. Goodvine may have until August 18, 2015 to file the second amended complaint. If he does not agree with this approach, he may submit a letter with his second amended complaint explaining any objections he has.

ORDER

IT IS ORDERED that plaintiff Christopher Goodvine may have until August 18, 2015, to file a second amended complaint consistent with this order.

Entered this 28th day of July, 2015.

                      BY THE COURT:

                      /s/
                      _____
                      WILLIAM M. CONLEY
                      District Judge